**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LAWRENCE L. BARRIENTEZ,

Petitioner - Appellant,

v.

JIMMY MARTIN, Warden,

Respondent - Appellee.

No. 19-6047
(D.C. No. 5:18-CV-01020-C)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **EID**, **KELLY**, and **CARSON**, Circuit Judges.
_____

Lawrence L. Barrientez seeks a certificate of appealability (COA) to challenge a

district court order that dismissed for lack of jurisdiction his second or successive habeas

petition claiming prosecutorial misconduct. We deny a COA and dismiss this matter for

substantially the same reasons identified in the magistrate judge's February 26, 2019,

report and recommendation.

**BACKGROUND**

In 2008, Barrientez was convicted in Oklahoma State Court of first-degree robbery

and assault with a dangerous weapon. The convictions were supported by the trial

_____

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

testimony of the robbery victim, Loretta Cowan, and the assault victim, Cleo Kelley, both of whom identified Barrientez as their assailant.

In 2010, Barrientez challenged the identifications in 28 U.S.C. § 2254 habeas proceedings. He argued that there was insufficient evidence showing he was the perpetrator and that Cowan's identification was unreliable because she had seen him right before his preliminary hearing being escorted by a sheriff's deputy. The district court denied relief.

In 2015, Kelley recanted his testimony. Additionally, he claimed that a prosecutor coerced Cowan into identifying Barrientez when she saw him before the preliminary hearing and that he (Kelley) went along to give Cowan "some closure." Aplt. App., Vol. II at 182. This court preliminarily authorized the filing of a second or successive § 2254 petition so Barrientez could pursue "Kelley's recantation and the alleged prosecutorial misconduct." *Id.*, Vol. I at 128.

Subsequently, in federal district court, Barrientez sought final approval to proceed with his prosecutorial-misconduct claim. But a magistrate judge recommended that the claim be dismissed for lack of jurisdiction because the factual predicate for the claim could have with due diligence been discovered previously. *See* 28 U.S.C. § 2244(b)(2)(B)(i).

The magistrate judge reasoned:

> [A]s early as the preliminary hearing in November 2007, [Barrientez would have known] Mrs. Cowan and Mr. Kelley were falsely identifying him as the perpetrator. And, Mrs. Cowan admitted at [the] preliminary hearing that she discussed [Barrientez's] identification with the prosecutor out in the hall before the hearing. Then, at [Barrientez's] [first] trial, Mr. Kelley

2

testified that he was sitting in the hall with Mrs. Cowan and the prosecutor the first time he saw [Barrientez]. Finally, at [Barrientez's] second trial in November 2008, Mrs. Cowan testified at length about discussing her identification of [Barrientez], with the prosecutor, out in the hall before [the] preliminary hearing.

Under the circumstances, the Court finds that a reasonable person in [Barrientez's] position – knowing that both witnesses lied, and both witnesses had been in the hallway with the prosecutor before lying – would have had ample reason to investigate possible prosecutorial coercion. [Barrientez] did not, however, and the Court finds he has not established that he could not have discovered the alleged prosecutorial misconduct through due diligence.

Aplt. App., Vol. I at 29 (footnote and citations omitted). Over Barrientez's objections, the district judge adopted the recommendation in full and dismissed the petition.

## DISCUSSION

To obtain a COA where, as here, the district court's ruling rests on procedural grounds, Barrientez must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Barrientez argues that the debatability of the district court's § 2244 ruling is apparent from the fact that a three-judge panel of this court authorized the filing of a second or successive habeas petition. "But this was only a preliminary determination, demonstrating possible merit to warrant a fuller exploration by the district court." *Case v. Hatch*, 731 F.3d 1015, 1028 (10th Cir. 2013) (citation and internal quotation marks omitted). We conclude that the district court's "final assessment," *id.* at 1029, that Barrientez has not met the gate-keeping requirements of § 2244, is not debatable among jurists of reason.

3

Nevertheless, Barrientez asserts that a COA should issue because Kelley's recantation and the alleged prosecutorial misconduct show he is actually innocent, and therefore, he can bring a second or successive claim regardless of whether "the factual predicate for [his misconduct] claim could not have been discovered previously through the exercise of due diligence," 28 U.S.C. § 2244(b)(2)(B)(i). He is mistaken. In enacting the Anti-Terrorism and Effective Death Penalty Act (AEDPA), Congress adopted a stringent actual-innocence exception in the context of second and successive habeas petitions, requiring *both* undiscoverability, *id.* § 2244(b)(2)(B)(i), *and* "clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense," § 2244(b)(2)(B)(ii). *See Case*, 731 F.3d at 1031, 1037 (noting the conjunctive nature of § 2244(b)(2)(B) and differentiating second or successive habeas claims from procedurally defaulted habeas claims).

## CONCLUSION

We deny a COA and dismiss this matter for substantially the same reasons identified by the magistrate judge in his February 26, 2019, report and recommendation.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

4